[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13506
Non-Argument Calendar
_____

BIA No. A78-581-998

GUSTAVO HERNANDO ARANGO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(March 20, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Gustavo Hernando Arango petitions this Court for review of the BIA's final order affirming the IJ's denial of his claims for asylum and withholding of removal.[1]  We deny Arango's petition.

**I.  DISCUSSION**

A.  *Asylum*

We are "'obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.'"  *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005) (citation omitted).  "An asylum application must be 'filed within 1 year after the date of the alien's arrival in the United States.'" *Id.* (quoting 8 U.S.C. § 1158(a)(2)(B)).  "This one-year filing period commences either on the date of the alien's last arrival in the United States or April 1, 1997, whichever is later."  *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 (11th Cir. 2003).  An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ."  8 U.S.C. § 1158(a)(2)(D).

---

[1] We do not address Arango's CAT claim because Arango did not fully exhaust his administrative remedies by appealing the IJ's denial of his CAT claim to the BIA.  Thus, we lack jurisdiction to consider his CAT claim on appeal.  *Camacho-Salinas v. U.S. Att'y Gen.*, 460 F.3d 1343, 1347, n.1 (11th Cir. 2006).

We lack jurisdiction to review the Attorney General's timeliness determination because the specific statutory language of 8 U.S.C. § 1158(a)(3) demonstrates Congress intended to bar such review. *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002). After the passage of the REAL ID Act of 2005, we again recognized § 1158(a)(3) continues to divest this "'Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing.'" *Chacon-Botero*, 427 F.3d at 957 (citation omitted). Because the IJ concluded Arango's asylum application was time-barred and that no extraordinary circumstances excused the untimeliness, we lack jurisdiction to review his asylum claim.

B. *Withholding of Removal*

When the BIA issues a decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion." *Reyes-Sanchez v, U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). To the extent the BIA adopts the IJ's reasoning, we review the IJ's reasoning as well. *Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1312 (11th Cir. 2006). In this case, the BIA expressly adopted and affirmed some of the IJ's findings and articulated additional findings as well. Thus, we will review the decisions of both the IJ and the BIA.

3

We review legal conclusions *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). We review findings of fact under the substantial evidence test, which requires us to "affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quoting *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001)). Under the substantial evidence test, the record must not only support reversal, it must compel it. *Fahim*, 278 F.3d at 1218.

The INA forbids the removal of an alien from the United States if "the alien's life or freedom would be threatened . . . because of . . . race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An applicant may show he is entitled to withholding of removal in two ways. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006). First, the applicant may establish he experienced past persecution motivated, at least in part, by a protected ground. *Id.* Second, he may establish it is more likely than not he would be persecuted on account of the protected ground. *Id.* Either way, the applicant must establish a causal connection between the protected ground and the feared persecution, presenting "specific, detailed facts showing a good reason to fear that he . . . will be *singled out* for persecution on account of such an opinion." *Al Najjar*, 257 F.3d at 1287 (quotations and citations

4

omitted); *see also* 8 C.F.R. § 208.16(b)(2). "It is not enough to show that [he] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas." *Sanchez v. United States Att'y Gen.*, 392 F.3d 434, 438 (11th Cir 2004).

Even if Arango was persecuted in Colombia, the evidence does not compel the conclusion the persecution was on account of his actual or implied political opinion. Arango did not establish a causal connection between the alleged past persecution or feared future persecution and his political opinion. Arango's own application and testimony indicated the shootings and other written threats did not begin until he quit paying the FARC's extortion demands. This supports the IJ's and BIA's conclusions that he was targeted because he refused to cooperate with the FARC by paying their extortion demands, which does not meet the burden for withholding of removal. *See Sanchez*, 392 F.3d at 438.

## II. CONCLUSION

We dismiss the petition for review with respect to the asylum and CAT claims, and deny it with respect to the withholding of removal claim.

**PETITION DISMISSED IN PART, DENIED IN PART.**